UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOSEPH EDWARD BOVIN BELSKIS, )
)
    Plaintiff, )
)
v. ) 1:13-cv-00287-JAW
)
SOMERSET COUNTY JAIL, et al., )
)
    Defendants )

**RECOMMENDED DECISION**

This matter is before the Court on Plaintiff's Motion to Reinstate Dismissed Complaint (ECF No. 23) and Plaintiff's Motion to Amend Complaint (ECF No. 24). Through his motions, Plaintiff seeks to assert a claim against Defendants for damages that he allegedly sustained as the result of his incarceration at the Somerset County Jail.

Plaintiff filed a complaint in this matter on July 31, 2013, (ECF No. 1). In response to Plaintiff's complaint, on August 22, 2013, Defendants filed a motion to dismiss (ECF No. 16). On September 9, 2013, Plaintiff filed a Motion to Dismiss Without Prejudice (ECF No. 19), which motion the Court granted (ECF No. 21).[1] As the result of the Court's order granting Plaintiff's motion to dismiss, Defendant's motion to dismiss was moot.

This action, in which Plaintiff filed his original complaint, is concluded. Plaintiff nevertheless seeks to "reinstate" the dismissed complaint. One purpose of a dismissal without prejudice is to permit a party to assert the claim again. Logic and fundamental fairness, however, suggest that the claim must be asserted in a *subsequent action*. Otherwise, a party could initiate a case, obtain a dismissal without prejudice to avoid the possibility of an adverse disposition on the

---

[1] On September 25, 2013, the Court also entered a Judgment of dismissal without prejudice (ECF No. 22).

merits, and reinstate the same case without any consequence to the dismissal. Such a result would be particularly problematic if the statute of limitations on the claim or a portion of the claim arguably expired between the dismissal and the party's attempt to "reinstate" the claim. If a party wants to reassert the claim, or an amended version of the claim, therefore, the party must commence a new action.

Accordingly, based on the foregoing analysis, the recommendation is that the Court deny Plaintiff's Motion to Reinstate Dismissed Complaint (ECF No. 23), and that the Court declare Plaintiff's Motion to Amend Complaint moot (ECF No. 24). [2]

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated this 30th day of June, 2014

/s/ John C. Nivison
U.S. Magistrate Judge

---

[2] This Recommended Decision should not be construed as a determination that Plaintiff's proposed amended complaint presents a statute of limitations issue. In addition, the recommendation is not an effort to promote form over substance. The issue is whether the law should permit a party to "reinstate" a dismissed action rather than commence a new action. As explained above, the distinction is important because the process could impact the parties' substantive claims and defenses. *See, e.g., Clark v. City of Coatesville*, No. 2:2004-cv-04039, 2007 WL 2791427 (E.D. Pa. Sept. 25, 2007) (concluding that reinstatement was not possible because voluntary dismissal deprived the court of jurisdiction and observing that the plaintiff's action was barred by the statute of limitation as of the request to reinstate). Moreover, courts that have considered requests for reinstatement of actions following a voluntary dismissal have looked to the requirements of Rule 60(b). *See, e.g., Perez v. Staten Island Bank Corp.*, 57 Fed. App'x 33 (2d Cir. 2003) (affirming district court's denial of Rule 60(b) relief upon the plaintiff's request to reinstate his action following the grant of his voluntary motion to dismiss the action). Plaintiff's motion does not articulate a sufficient reason to grant Rule 60 relief from the judgment of dismissal, which the Court entered at his request. *See also Chang v. Smith*, 778 F.2d 83, 86 (1st Cir. 1985) ("The principle is well established that Rule 60(b) does not provide relief from 'free, calculated [and] deliberate choices.'") (quoting *Ackerman v. United States,* 340 U.S. 193, 198 (1950)).